Randall M. Fox
Anthony E. Maneiro
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY  10022
Phone: (212) 371-6600
rfox@kmllp.com
amaneiro@kmllp.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMSTERDAM TOBACCO CO., INC., DONOHUE CANDY AND TOBACCO CO., INC., KINGSTON CANDY & TOBACCO CO., INC., MOUNTAIN CANDY & CIGAR CO., INC., and SUNRISE CANDY & TOBACCO CORP., <br><br> Plaintiffs, <br><br> -against- <br><br> HAROLD LEVINSON ASSOCIATES, LLC, CORE-MARK MIDCONTINENT, INC., MCLANE/EASTERN, INC., MCLANE/MIDWEST, INC., PLAINFIELD TOBACCO AND CANDY CO., INC. D/B/A RESNICK DISTRIBUTORS, and CONSUMER PRODUCT DISTRIBUTORS, INC. D/B/A J. POLEP DISTRIBUTION SERVICES, <br><br> Defendants. | Case No.: 1:18-cv-01432 (KAM-VMS) |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT PLAINFIELD TOBACCO AND CANDY CO., INC. D/B/A RESNICK DISTRIBUTORS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Mountain Candy & Cigar Co., Inc. submits this memorandum of law in opposition to the Motion to Dismiss the Amended Complaint by Defendant Plainfield Tobacco and Candy Co., Inc. d/b/a Resnick Distributors ("Resnick").

## ARGUMENT

Resnick's motion to dismiss Plaintiff's Amended Complaint (the "Complaint") was not accompanied by a memorandum of law and contains no explanation of any grounds for dismissal.[1]  Because it lacks any such explanation, the motion must be rejected.  Plaintiff cannot fairly be asked to respond to non-existent arguments, and Resnick should not be permitted to raise any such arguments for the first time on reply.

In its Complaint, Plaintiff set forth in detailed allegations Resnick's clear violations of the Cigarette Marketing Standards Act, N.Y. Tax Law Art. 20-A, which prohibits a cigarette agent like Resnick from selling cigarettes for prices lower than the statutory minimum prices.  First, Plaintiff described in detail the CMSA, its prohibitions and its Legislative intent (Compl. ¶¶ 19-42).  Second, it described the statements of a senior Resnick sales manager who described how Resnick gives rebates that push its prices below the statutory minimum prices, including his statements that Resnick would give rebates of $2 or $2.25 per carton of cigarettes to a retailer in Queens that sold 75 cartons a week and has good foot traffic, and that Resnick would hide the rebates as "credits" on its invoices (*Id.* at ¶¶ 47-51).  Third, Plaintiff described specific illustrative examples of situations where it has been damaged because Resnick offers illegal prices below the CMSA minimum prices (*Id.* at ¶¶ 52-77).

Resnick has not responded to any of Plaintiff's allegations.

---

[1] Resnick's motion was also filed a day after the deadline imposed by this Court for service of motions to dismiss.

No applicable arguments for dismissal can be found in Resnick's April 6, 2018 pre-motion letter to the Court seeking permission to file a motion to dismiss (ECF No. 24).  In that letter, Resnick first asked for severance of the claims made against the different defendants, and since then, the parties have agreed to severance and Plaintiff filed a separate complaint against Resnick.[2]  Also in the pre-motion letter, Resnick argued that claims against it by any of the plaintiffs other than Mountain Candy should be dismissed, but those claims were dismissed by the Notice of Voluntary Dismissal of Certain Claims filed on July 2, 2018 (ECF No. 39).  The pre-motion letter next asked for permission to move to dismiss claims outside of the statute of limitations period, but the Amended Complaint asserts no such claims.  Finally, the letter asked the Court to order a more definite statement because Resnick should not have to "be forced to pick and choose from the 150 paragraphs of the Complaint, most not involving Resnick."  The Resnick-specific Amended Complaint resolved that concern.

In its notice of motion, Resnick asserts that it "will rely" on Core-Mark's brief on Core-Mark's motion to dismiss.  In other words, Resnick is asking Plaintiff to pick and choose among Core-Mark's arguments to try to find ones that might apply to Resnick.  In fact, Core-Mark's motion is addressed to a separate complaint against Core-Mark about the actions Core-Mark took that violated the CMSA.  Resnick took pains to express those differences when it asked the Court for severance in its pre-motion letter and again in its motion to sever.  If Resnick had arguments in favor of dismissal, it would have, and should have, asserted them itself.  Should the Court nevertheless find arguments in Core-Mark's brief can apply to Resnick, Plaintiff respectfully

---

[2] As of the time of filing of this brief, the parties have stipulated to severance and have submitted the stipulation to the Court with the request that it be "so ordered."  Despite that agreement, Resnick nevertheless has served a separate motion to sever that nowhere mentions the parties' agreement or the stipulation.

refers to its opposition to Core-Mark's brief and, further respectfully requests, that any reply by Resnick as to such arguments be disregarded in its entirety.

## CONCLUSION

Plaintiff respectfully requests that the motion be denied.  Should the Court nevertheless grant any part of Defendant's motion, Plaintiff respectfully requests an opportunity to replead.

DATED:      New York, New York
              August 23, 2018

                                 Respectfully submitted,

                                 KIRBY McINERNEY LLP

                                 By: _____
                                 Randall M. Fox
                                 Anthony E. Maneiro
                                 825 Third Avenue, 16th Floor
                                 New York, New York 10022
                                 Phone: (212) 371-6600
                                 rfox@kmllp.com
                                 amaneiro@kmllp.com

                                 *Counsel for Plaintiff*

3